Argued and submitted April 20, affirmed September 30, reconsideration denied December 16, 1992, petition for review denied January 26, 1993 (315 Or 311)

In the Matter of the Compensation of
Herman M. Carlson, Claimant.

Herman M. CARLSON,
*Petitioner,*

*v.*

VALLEY MECHANICAL,
*Respondent.*

(90-09177; CA A69753)

838 P2d 637

Edward H. Harri, Salem, argued the cause for petitioner. With him on the brief were Stanley F. Fields and the Law Office of Michael B. Dye, Salem.

Jerald P. Keene, Portland, waived oral argument for respondent. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Claimant seeks review of a Workers' Compensation Board order that denied his aggravation claim. We affirm.

Claimant was injured in 1984. His aggravation rights expired on December 10, 1989. On November 15, 1989, his employer received chart notes from his chiropractor. Employer treated the notes as a claim for aggravation, which it denied.

On April 30, 1990, claimant requested a hearing on the denial. The hearing was convened on July 3, 1990. The referee, applying 1990 amendments to the Workers' Compensation Law, affirmed employer's denial. She concluded, first, that the doctor's chart notes did not suffice as a claim for aggravation and, second, that, even if they did, claimant had not established that his condition had worsened. The Board adopted the referee's order with supplementation and affirmed. Claimant seeks review, arguing that the Board erred in applying the new law to him, either because the legislation was not intended to apply retroactively or because such an application would be unconstitutional.

The first question is whether the chiropractor's chart notes suffice as a claim for aggravation. Before it was amended in 1990, ORS 656.273(3) provided:

"A physician's report indicating a need for further medical services or additional compensation is a claim for aggravation."

As amended in 1990, the statute now provides:

"A physician's report establishing the worsened condition by written medical evidence supported by objective findings is a claim for aggravation."

Claimant argues that the Board erred in applying the amendment to ORS 656.273(3), which did not become effective until 1990, to determine whether the chart notes submitted in 1989 were a claim for aggravation.

Claimant's argument is persuasive; however, we need not decide that issue because, even if we accept that the chart notes were a claim, the referee decided on the merits that, under the 1990 law, claimant had failed to prove an aggravation. The Board adopted the referee's order. If the

1990 amendments apply to a determination on the merits of a claim for aggravation filed in December, 1989, it is irrelevant in this case whether it was correct in its alternative determination regarding the technical requirements for filing an aggravation claim.

When it enacted the 1990 amendments, the legislature indicated its intent regarding claims that were to be subject to the new law. Oregon Laws 1990, chapter 2, section 54 provides, as relevant:

"(1)   Except for amendments to ORS 656.027, 656.211, 656.214(2) and 656.790, this 1990 Act becomes operative July 1, 1990, and notwithstanding ORS 656.202, *this 1990 Act applies to all claims existing or arising on and after July 1, 1990, regardless of date of injury*, except as specifically provided in this section.

"(2)   Any matter regarding a claim which is in litigation before the Hearing Division, the board, the Court of Appeals or the Supreme Court under this chapter, and regarding which matter a request for hearing was filed before May 1, 1990, and a hearing was convened before July 1, 1990, shall be *determined pursuant to the law in effect* before July 1, 1990." (Emphasis supplied.)

As we explained in *SAIF v. Herron*, 114 Or App 64, 836 P2d 131 (1992), subsection 54(1) means that, except for certain amendments not relevant here, the 1990 amendments apply to all claims existing on July 1, 1990, regardless of the date of injury. Although we found the initial exception clause in section 54(1) ambiguous, there is nothing ambiguous about the part of the section that is pertinent to this case. Assuming that the chart notes constituted a claim for aggravation, the legislature explicitly directed that that claim, because it was existing on July 1, is subject to the new amendments.

Our conclusion that the legislature intended that claims such as this one be determined under the 1990 amendments is strengthened by the litigation savings clause, subsection 54(2). Under that subsection, matters concerning a claim that were in litigation and for which a hearing was requested before May 1, 1990, and convened before July 1, 1990, are to be determined according to the law in effect before July 1, 1990. The necessary corollary to that language

is that, if there is a matter concerning a claim that was in litigation when the 1990 amendments become effective, and if the hearing was *not* convened before July 1, the matter is *not* to be determined according to the law in effect before July 1, 1990. That must mean that the 1990 amendments apply to the determination. Because the hearing on claimant's claim for aggravation was not held until July 3, it must be determined under the 1990 amendments. Or Laws 1990, ch 2, § 54(1).

Claimant next asserts that the evidence proved a worsening of his condition. There is substantial evidence to support the Board's finding that he did not have a compensable aggravation.

Finally, claimant argues that retroactive application of the 1990 amendments is unconstitutional. So far as we can discern, those arguments relate to the constitutionality of applying the amendments to a determination of whether the chart notes constituted a claim. We need not address those arguments for the reason stated above. We do not understand claimant's constitutional arguments to relate to application of the amendments to the merits of his aggravation claim.

Affirmed.