Argued and submitted March 12, affirmed November 25, 1992, reconsideration
denied April 14, petition for review pending 1993

In the Matter of the Compensation of
Randolph A. Krieger, Claimant.

Randolph A. KRIEGER,
*Petitioner,*

*v.*

FUTURE LOGGING
and SAIF Corporation,
*Respondents.*

(WCB 89-03927; CA A71330)

842 P2d 428

David C. Force, Salem, argued the cause for petitioner. With him on the brief was Vick & Gutzler, Salem.

Steven Cotton, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Claimant seeks review of an order of the Workers' Compensation Board holding that, by entering into a disputed claim settlement (DCS) pursuant to ORS 656.289(4),[1] claimant settled his claim for neck surgery and that, by entering into a claim disposition agreement (CDA) pursuant to ORS 656.236(1), he settled his aggravation claim. We affirm the Board and write only to discuss the scope of the DCS and whether recent statutory amendments permitting CDAs are applicable to the aggravation claim.

Claimant compensably injured his head, left wrist and shoulder and cervical spine in August, 1987. In April, 1989, Dr. Melgard requested permission for surgery for decompression and stabilization at C6-C7. In October, 1989, SAIF denied the request for surgery and also denied an aggravation claim. A referee found the surgery to be compensable but affirmed SAIF's denial of the aggravation claim. Claimant appealed to the Board.

SAIF continued to dispute the compensability of the surgery. Melgard submitted a second request for surgery for the same neck condition, and SAIF denied it in February, 1990. On October 30, 1990, a referee approved a DCS resolving claimant's "alleged entitlement to additional compensation for surgery to his neck." In November, 1990, the Board approved a separate CDA relating to "compensation and payments of any kind due or claimed for the past, present, and the future, except compensable medical services."

After the CDA and the DCS were approved, the Board issued an order on the first request for surgery and the aggravation claim, holding them compensable. On reconsideration, the Board concluded that the compensability of the surgery, encompassing the denials of October, 1989, and February, 1990, had been settled by the DCS and that the aggravation claim had been settled by the CDA; the Board vacated the portions of its order setting aside the denials.

---

[1] That subsection provides:

"Notwithstanding ORS 656.236, in any case in which there is a bona fide dispute over the compensability of a claim, the parties may, with the approval of a referee, the board or the court, by agreement make such disposition of the claim as is considered reasonable."

■     The Board correctly concluded that the DCS settled the compensability of the surgery in its entirety. Although the DCS itself made express reference only to the February, 1990, denial, the subject of the DCS was the same surgery that had been requested and denied in October, 1989. We conclude that the DCS resolved both surgery requests and denials.

■     The Board also correctly held that the CDA settled the aggravation claim, which had also been denied in October, 1989. The CDA provided:

> "Pursuant to ORS 656.236, the parties have agreed to settle Claimant's claim for compensation and payments of any kind due or claimed for the past, the present, and the future, except compensable medical services * * *. 'Compensation and payments of any kind due or claimed' includes temporary disability, permanent disability, vocational services, aggravation rights per ORS 656.273, and 'Own Motion' rights per ORS 656.278, but does not include compensable medical services.
>
> "Additionally, all pending requests for hearing, if any, shall be dismissed with prejudice, as to all issues raised or raisable at this time."

We conclude that the Board held correctly that the CDA resolved "any and all" claims arising from claimant's August, 1987, injury, including claimant's aggravation claim.

Until 1990, ORS 656.236(1) provided that "[n]o release by a worker or beneficiary of any rights under ORS 656.001 to 656.794 is valid." Oregon Laws 1990 (Special Session), chapter 2, section 9, amended ORS 656.236(1) to permit a claimant to release rights on an accepted claim by way of a CDA. The statute now provides, in part:

> "The parties to a claim, by agreement, may make such disposition of any or all matters regarding a claim, except for medical services, as the parties consider reasonable, subject to such terms and conditions as the director may prescribe."

■     Claimant contends that the CDA does not bind him, because the amended version of ORS 656.236(1) is inapplicable to his claim. Oregon Laws 1990 (Special Session), chapter 2, section 54, provides, in pertinent part:

"(1)   Except for amendments to ORS 656.027, 656.211, 656.214(2) and 656.790, this Act becomes operative July 1, 1990, and notwithstanding ORS 656.202, this 1990 Act applies to all claims existing on or after July 1, 1990, regardless of date of injury, except as specifically provided in this section.

"(2)   Any matter regarding a claim which is in litigation before the Hearings Division, the board, the Court of Appeals or the Supreme Court under this chapter, and regarding which matter a request for hearing was filed before May 1, 1990, and a hearing was convened before July 1, 1990, shall be determined pursuant to the law in effect before July 1, 1990."

Because the hearing in this matter was requested before May 1, 1990, and convened before July 1, 1990, claimant is correct that, pursuant to section 54(2), the law in effect before July 1, 1990, would have governed the substantive aspects of his aggravation claim, had it been resolved through litigation. However, the amendments to ORS 656.236 permitting the settlement of a claim by CDA became operative on July 1, 1990. Or Laws 1990 (Spec Sess), ch 2, § 54(1); *see SAIF v. Herron*, 114 Or App 64, 836 P2d 131 (1992). Accordingly, that procedural mechanism was available to claimant for the settlement of his aggravation claim in November, 1990, regardless of the fact that the claim was in litigation. Claimant released his rights by entering into the CDA, which the Board approved. The Board's order has the finality and effect of a judgment and is not subject to review in this proceeding. ORS 656.236(2).

Claimant's remaining arguments do not merit discussion.

Affirmed.