Argued and submitted September 30, 1992, affirmed February 17, 1993

In the Matter of
the Compensation of the Beneficiaries of
Harold T. Bird, Deceased, Claimant.

Rosemary BIRD,
Beneficiary of Harold T. Bird, Deceased,
*Petitioner,*

*v.*

BOHEMIA, INC.
and Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB 90-18895; CA A73448)

846 P2d 1210

Edward J. Harri, Eugene, argued the cause for petitioner. With him on the brief was Malagon, Moore, Johnson, Jensen & Correll, Eugene.

David O. Wilson, Eugene, argued the cause for respondents. With him on the brief was Employer's Defense Counsel, Eugene.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Claimant seeks review of an order of the Workers' Compensation Board upholding employer's refusal to pay widow's benefits pending appeal of the referee's order holding that she is entitled to the benefits. We affirm.

Claimant is the widow of Bird, who worked for employer. In 1989, she filed a claim seeking widow's benefits, alleging that Bird's death resulted from a compensable injury or disease that was caused by his work with employer. Employer denied the claims, and a hearing on compensability was held in December, 1989. In August, 1990, the referee issued an order setting aside the denials and ordering employer to "accept the claim for processing and payment of benefits according to law." Employer appealed the referee's order to the Board, but refused to pay benefits pending appeal. On October 3, 1990, claimant requested a hearing on employer's refusal.[1] The referee held that employer's refusal to pay benefits pending appeal was proper, and the Board affirmed the referee's order. Claimant seeks review of the Board's order.

This case arises because of the 1990 amendments to ORS 656.313. Before amendment, the statute required an insurer to pay all compensation pending appeal except medical expenses.[2] Under that version of ORS 656.313, claimant would have received benefits pending appeal. Under the amended statute, with certain exceptions, benefits are *not* paid pending appeal.[3] The benefits at issue here do not come

---

[1] In the compensability case, the Board reversed the referee and upheld the denial. We affirmed the Board. *Bird v. Bohemia, Inc.*, 113 Or App 233, 832 P2d 1276 (1992).

[2] ORS 656.313(1) and (4) provided:

"Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant.

"Notwithstanding ORS 656.005, for the purpose of this section, 'compensation' means benefits payable pursuant to the provisions of ORS 656.204 to 656.208 [death benefits], 656.210 and 656.214 and does not include the payment of medical services."

[3] ORS 656.313 now provides, in part:

"(1)(a) Filing by an employer or the insurer of a request for hearing on a reconsideration order or a request for board review or court appeal stays payment of the compensation appealed, except for:

within any of the exceptions and, thus, would not be payable pending appeal. The question presented here is which version of ORS 656.313 applies here.

Section 54 of Senate Bill 1197 delineates the effective date of the 1990 amendments to the Workers' Compensation Act:

"(1)   Except for amendments to ORS 656.027, 656.211, 656.214(2) and 656.790, this 1990 Act becomes operative July 1, 1990, and notwithstanding ORS 656.202, this 1990 Act applies to all claims existing or arising on and after July 1, 1990, regardless of date of injury, except as specifically provided in this section.

"(2)   *Any matter regarding a claim which is in litigation* before the Hearings Division, the board, the Court of Appeals or the Supreme Court under this chapter, *and regarding which matter a request for hearing was filed before May 1, 1990, and a hearing was convened before July 1, 1990,* shall be determined pursuant to the law in effect before July 1, 1990." Or Laws 1990, ch 2, § 54(1) and (2). (Emphasis supplied.)

The parties read the language of section 54 quite differently. Employer argues that claimant's October, 1990, request for a hearing on its refusal to pay benefits pending appeal is a separate case from the one in which the compensability of the underlying claim was litigated. Employer points out that a separate request for hearing initiated this case and that it was litigated under a different Workers' Compensation Board case number. Employer contends that, because the request for hearing was made after May 1, 1990, the amended version of ORS 656.313 applies.

Claimant argues that the payment of benefits pending appeal does not involve a separate claim from the underlying compensability claim. She asserts that, because the

"(A)   Temporary disability benefits that accrue from the date of the order appealed from until closure under ORS 656.268, or until the order appealed from is itself reversed, whichever event first occurs; and

"(B)   Permanent total disability benefits that accrue from the date of the order appealed from until the order appealed from is reversed.

"(b)   If ultimately found payable under a final order, benefits withheld under this subsection shall accrue interest at the rate provided in ORS 82.010 from the date of the order appealed from through the date of payment. The board shall expedite review of appeals in which payment of compensation has been stayed under this section."

request for hearing in the underlying claim was filed before May 1, 1990, and a hearing on that matter was commenced before July 1, 1990, this case involves a matter regarding a claim that was in litigation before the relevant dates in section 54 and that the pre-amendment version of ORS 656.313 is applicable. *See Carlson v. Valley Mechanical*, 115 Or App 371, 838 P2d 637 (1992).

■■    In interpreting a statute, our task is to give effect to the intention of the legislature. To that end, we look first to the language of the statute. ORS 174.010; ORS 174.020, *State v. Tyler*, 108 Or App 378, 815 P2d 1289 (1991). Section 54 provides that a matter will be resolved under the law applicable before the 1990 amendments, if it is a "matter regarding a claim which is in litigation before the Hearings Division, the board, the Court of Appeals or the Supreme Court under this chapter, *and regarding which matter* a request for hearing was filed before May 1, 1990, and a hearing was convened before July 1, 1990." (Emphasis supplied.) The term "matter" is not defined in the statutes. However, it is apparent from its use that it has a meaning, different from the term "claim" and that it was intended to have a more narrow meaning than "claim." We agree with the Board's explanation:

> "[I]n the present case, the question of whether payment of death benefits is stayed pending the appeal is a separate 'matter' which arose (i.e., became at issue) after the earlier compensability determination. Inasmuch as claimant's hearing request regarding this matter was not filed before May 1, 1990 and hearing regarding this matter was not convened prior to July 1, 1990, *the matter involved here was not 'in litigation' for the purposes of section 54(2). See Raymond J. Seebach, supra.* Therefore, this case was properly analyzed by the Referee under *amended* ORS 656.313." (Emphasis supplied.)

The Board did not err in upholding employer's refusal to pay benefits pending appeal of the referee's order.

Affirmed.