In the Matter of the Compensation of
Carol D. Goss, Claimant.

DIAMOND FRUIT GROWERS,
*Petitioner - Cross-Respondent,*

*v.*

Carol D. GOSS,
*Respondent - Cross-Petitioner.*

(90-18146; CA A72857)

852 P2d 915

Jaurene R. Judy, Portland, argued the cause for petitioner - cross-respondent. With her on the brief was Terrall & Associates, Portland.

Corey B. Smith, Salem, argued the cause for respondent - cross-petitioner. With him on the brief was Garlock and Smith, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Employer seeks review of an order of the Workers' Compensation Board (Board) holding that it could not stay payment of unscheduled permanent partial disability benefits pending the appeal of an order finding claimant's claim compensable. We affirm.

In 1988, claimant filed an aggravation claim for back and hip conditions, which she alleged were related to a compensable injury suffered in 1987. Employer denied the claim, and claimant requested a hearing. On March 5, 1990, a referee concluded that the claim was compensable, set aside employer's denial and remanded the case to employer for acceptance. Later, in March, employer sought Board review of the referee's order, but began to process the claim to closure in accordance with the referee's order. A determination order was issued on September 11, 1990, awarding claimant temporary total disability and permanent partial disability for periods in 1988 and 1989. Employer did not appeal the determination order, but refused to pay compensation pending Board review of the March 5 order. Claimant sought a hearing on employer's refusal to pay pursuant to the September 11 determination order.

The Board concluded that employer was not entitled to stay payment of compensation under amended ORS 656.313.[1] It reasoned that ORS 656.313, as amended by Oregon Laws 1990, chapter 2, section 23, provides that the filing by an employer of a request for hearing on a reconsideration order or a request for review by the Board or court, stays payment of *the compensation appealed*. As the Board explained:

"Thus, the statute expressly applies only to an employer's appeal from the order which awards the compensation in

---

[1] ORS 656.313 provides, in pertinent part:

"(1)(a) Filing by an employer or the insurer of a request for hearing on a reconsideration order or a request for board review or court appeal stays payment of the compensation appealed, except for:

"(A) Temporary disability benefits that accrue from the date of the order appealed from until closure under ORS 656.268, or until the order appealed from is itself reversed, whichever event first occurs; and

"(B) Permanent total disability benefits that accrue from the date of the order appealed from until the order appealed from is reversed."

dispute. Here, the order the employer had to appeal in order to stay payment of the compensation at issue, was the September 11, 1990 Determination Order which awarded claimant the temporary total and permanent partial disability benefits that the employer refused to pay. No appeal of the order was filed by the employer.

"We reject the employer's contention, as·did the Referee, that its request for Board review of a referee's March 5, 1990 Opinion and Order stayed payment of compensation awarded by the September 1990 Determination Order pursuant to *amended* ORS 656.313. The Referee did not decide the extent, if any, of the permanent or temporary disability benefits to which claimant was entitled. The issue before the referee concerned the compensability of claimant's physical condition * * *. The Determination Order which awarded claimant compensation was issued five months later and there was no appeal from that order. ORS 656.313, as amended, does not apply according to its terms."

The Board also identified an alternative basis for its holding: It held that the amended version of ORS 656.313 did not apply here because the employer filed its appeal of the referee's order before the effective date of the amendment to ORS 656.313, July 1, 1990.

After its decision in this case, the Board, sitting *in banc*, disavowed a portion of its holding here in *Felipe A. Rocha*, 45 Van Natta 47 (1993). It held in *Rocha* that, when an employer is entitled to a stay of compensation under ORS 656.313, it is not necessary for the employer to seek review of a determination or closure order issued during the pendency of the appeal in order to preserve the stay. However, if the employer otherwise disagrees with the order, it would be necessary to appeal the determination order for those purposes. As the Board explained:

"[U]nless it was otherwise in disagreement with the order, a carrier would not be required to appeal the closure to 'preserve' the previously acquired stay of compensation. Not only is this interpretation consistent with the 'stay' requirements of ORS 656.313(1)(a), but it satisfies an objective of the Workers' Compensation Law to reduce litigation and eliminate[s] the adversary nature of the compensation proceedings to the greatest extent practicable. *See* ORS 656.012(2)(b)."

■ We agree with the Board's reasoning in *Rocha* concerning the necessity of appealing a determination order in order to preserve a stay under ORS 656.313. Accordingly, the fact that employer here did not appeal the determination order issued in September, 1990, does not preclude its entitlement to a stay under ORS 656.313, if it was otherwise entitled to one. Whether it was entitled to one becomes the critical question.

■ As mentioned above, the Board held that an alternative basis for concluding that employer was not entitled to a stay was that, at the time that employer appealed the referee's order in March, 1990, the former version of ORS 656.313 was in effect. Under that version of the statute, employer was not entitled to a stay. *See Roseburg Forest Products v. McDonald,* 116 Or App 448, 841 P2d 697 (1992). The Board explained:

> "We disagree with the employer's argument that under Section 54(1) of the Act, the legislature intended *amended* ORS 656.313 to apply retroactively to appeals which were filed before the Act's effective date. By conditioning the statute's application upon the *filing* of the insurer's appeal, ORS 656.313 operates by its own terms, to limit its application to *an action* taken by the insurer either on or after the statute's effective date. Prior to July 1, 1990, payment of compensation was not stayed *upon filing* of an employer's appeal. Had the legislature intended to discontinue, in midstream, the payment of compensation in all insurer's appeals pending at the various stages of administrative or court review on July 1, 1990, no matter when the appeal had been filed, the legislature would have said so in explicit language. * * * [Employer's] refusal to pay the compensation awarded by the September 11, 1990 Determination Order was unlawful." (Footnote omitted.)

We agree with the Board's holding on that point and, therefore, conclude that the Board did not err in holding that employer was not entitled to a stay because its request for review occurred before July 1, 1990.

Our holding here makes it necessary to modify in part our decision in *Bird v. Bohemia, Inc.,* 118 Or App 201, 846 P2d 1210 (1993), which again involved a claimant's request for review of an employer's refusal to pay benefits pending appeal. As in this case, a referee's order required the

employer to accept the claim for processing. The employer refused to pay pending its appeal of the referee's order, and the claimant requested a hearing on the employer's refusal. The Board upheld the employer's right to stay payments pending appeal. On review, the claimant argued that, because her request for a hearing on the issue of compensability was filed before May 1, 1990, and the hearing on compensability was held before July 1, 1990, she was entitled, under the pre-amendment version of ORS 656.313, to benefits pending appeal. We rejected that argument and held that, under section 54 of Oregon Laws 1990, chapter 2,[2] the employer's refusal to pay benefits pending appeal was a separate matter from the issue of the claimant's entitlement to compensation. Therefore, because the hearing on the employer's refusal to pay occurred after July 1, 1990, the amended version of ORS 656.313 applied. Accordingly, we decided that the employer was entitled to a stay pending appeal.

We now conclude that the reasoning of the Board in this case is more consistent with the language of and the legislative intent regarding amended ORS 656.313. As the Board held, the time when review of an order is sought should determine whether the old or the new version of the statute is applicable. It is then that entitlement to interim benefits is established. We agree with the Board that it is doubtful that the legislature would have intended that a claimant who began receiving interim benefits pending appeal before the effective date of the new law, July 1, 1990, should suddenly lose those benefits on July 1. Section 54 of Oregon Laws 1990, chapter 2, does not directly address this type of situation. We do not think that it was intended to apply under these circumstances. Accordingly, we hold that, if review of an order was sought before July 1, 1990, the former version of

---

[2] Oregon Laws 1990, chapter 2, section 54, provides, in part:

"(1) Except for amendments to ORS 656.027, 656.211, 656.214(2) and 656.790, this 1990 Act becomes operative July 1, 1990, and notwithstanding ORS 656.202, this 1990 act applies to all claims existing or arising on and after July 1, 1990, regardless of date of injury, except as specifically provided in this section.

"(2) Any matter regarding a claim which is in litigation before the Hearing Division, the board, the Court of Appeals or the Supreme Court under this chapter, and regarding which matter a request for hearing was filed before May 1, 1990, and a hearing was convened before July 1, 1990, shall be determined pursuant to the law in effect before July 1, 1990."

ORS 656.313 is applicable. If review is sought after July 1, 1990, the new version of the statute applies. *See Krieger v. Future Logging*, 116 Or App 537, 842 P2d 428 (1992).

In *Bird v. Bohemia, Inc., supra*, the request for review of the order awarding compensation was filed after July 1, 1990, and, therefore, the employer was entitled to a stay. In this case, employer appealed the referee's order awarding claimant compensation before July 1, 1990. Therefore, employer was not entitled to a stay. It was obliged to pay claimant benefits pursuant to the September 11 determination order until the case was finally resolved.

In her brief, respondent states that her cross-petition is "moot." We treat her statement as a motion to dismiss the cross-petition and allow it.

Affirmed on petition; cross-petition dismissed.