On respondent's petition for reconsideration filed June 23, 1993, reconsideration allowed; opinion (120 Or App 613, 852 P2d 281 (1993)) adhered to April 20, petition for review denied June 14, 1994 (319 Or 211)

In the Matter of the Compensation of
Carole A. Vanlanen, Claimant.

**SAIF CORPORATION**
and Belozer Farms,
*Petitioners,*

*v.*

Carole A. VANLANEN,
*Respondent.*

(WCB 91-13600; CA A76539)

873 P2d 1086

Alan M. Scott, Steven T. Fagenstrom and Galton, Scott & Colett for petition.

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

DEITS, P. J.

Durham, J. pro tempore, dissenting.

**DEITS, P. J.**

Claimant requests reconsideration of our decision in this case, arguing that our reliance on *Diamond Fruit Growers v. Goss*, 120 Or App 390, 852 P2d 915, *rev den* 317 Or 583 (1993), was in error and that, in any event, our conclusion that payment of benefits awarded by a determination order was stayed under ORS 656.313 was wrong. We allow reconsideration and adhere to our former opinion.

In November, 1990, claimant filed a claim for a work-related back injury that was denied by SAIF. Claimant sought review of the denial, and the referee held that the claim was compensable. SAIF sought Board review of the referee's order. Under *Diamond Fruit Growers v. Goss, supra*, because SAIF's request for Board review of the compensability issue took place after July 1, 1990, the amended version of ORS 656.313 was applicable and SAIF was entitled to a stay of payment of compensation. While Board review was pending, claimant became medically stationary and her claim was closed. A determination order was issued awarding her TTD and PPD. SAIF did not appeal the determination order, but refused to pay benefits pending the Board's resolution of the compensability issue. Claimant sought Board review of SAIF's failure to pay. The Board agreed with claimant and ordered SAIF to pay her benefits. SAIF sought review of the Board's order, and we concluded that SAIF was entitled to a stay pending resolution of the compensability question.

In her petition for reconsideration, claimant argues that our earlier opinion erred in relying on *Diamond Fruit Growers v. Goss, supra*, because the question presented here was not decided in that case. She also contends that our conclusion in that case, that the stay resulting from SAIF's appeal of the compensability decision also stays payment of benefits awarded in a subsequent determination order, is wrong. She asserts that ORS 656.313, as amended, requires a separate appeal of the determination order in order for payment of benefits awarded there to be stayed, and that because SAIF did not appeal the determination order, it was required to pay those benefits.

Contrary to claimant's assertions, this question was presented in *Diamond Fruit Growers*. The necessity of

appealing a determination order in order to preserve a stay obtained under the amended version of ORS 656.313 was specifically considered both by the Board and by this court. As we explained in *Diamond Fruit Growers*, the Board initially took the position that it did in this case that, under amended ORS 656.313, it was necessary for an employer to separately appeal a determination order to obtain a stay of the compensation awarded in the determination order. However, the Board subsequently disavowed that holding. We explained in *Diamond Fruit Growers*:

> "After its decision in this case, the Board, sitting *in banc*, disavowed a portion of its holding here in *Felipe A. Rocha*, 45 Van Natta 47 (1993). It held in *Rocha* that, when an employer is entitled to a stay of compensation under ORS 656.313, it is not necessary for the employer to seek review of a determination or closure order issued during the pendency of the appeal in order to preserve the stay. However, *if the employer otherwise disagrees with the order, it would be necessary to appeal the determination order for those purposes.*" 120 Or App at 393. (Emphasis supplied.)

In *Diamond Fruit Growers*, we also said:

> "We agree with the Board's reasoning in *Rocha* concerning the necessity of appealing a determination order in order to preserve a stay under ORS 656.313. Accordingly, the fact that employer here did not appeal the determination order issued in September, 1990, does not preclude its entitlement to a stay under ORS 656.313, if it was otherwise entitled to one. Whether it was entitled to one becomes the critical question." 120 Or App at 394.

Claimant argues here that our conclusion is inconsistent with the Supreme Court's decision in *Georgia-Pacific v. Piwowar*, 305 Or 494, 753 P2d 948 (1988). That case, however, is not controlling here. It concerned the interpretation of the old version of ORS 656.313, which provided that payment of compensation was *not* stayed pending appeal. Employer there argued that the prohibition of stays pending appeal did not extend to appeals of determination orders and that, therefore, they should be allowed to stay payment of compensation awarded under a determination order. The court rejected that argument and held that the prohibition of stays pending appeals of compensability extended to appeals

of determination orders. That is not the same question presented here.

For all of the above reasons, we adhere to our previous disposition of this issue and conclude that SAIF was entitled to a stay of payment of compensation pending appeal.

Reconsideration allowed; opinion adhered to.

**DURHAM, J. pro tempore,** dissenting.

The Board held that payments under the August 15, 1991, determination order, which awarded TTD and PPD, are not stayed by SAIF's prior request for Board review of the referee's decision that the low back injury is compensable. In *SAIF v. Vanlanen,* 120 Or App 613, 614, 852 P2d 281 (1993), we reversed the Board and said:

> "We conclude that, under ORS 656.313, employer's May 23, 1991, appeal of the referee's order on compensability did stay payment of benefits awarded by the later determination order. *Diamond Fruit Growers v. Goss,* 120 Or App 390, 852 P2d 915, [*rev den* 317 Or 583] (1993)."

The majority allows reconsideration and adheres to that reasoning. I agree that we should reconsider our opinion, but I would affirm the Board.

*Diamond Fruit Growers v. Goss, supra,* is not authority for the majority's result, because it arose under the law in effect before the 1990 amendment to ORS 656.313. Or Laws 1990, ch 2, § 23. *Diamond Fruit Growers* held, correctly, that "the Board did not err in holding that employer was not entitled to a stay because its request for review occurred before July 1, 1990." 120 Or App at 394. Because *Diamond Fruit Growers* was a pre-amendment case, the court's comments about the effects of the statutory amendment were *dicta.* This is our first post-amendment case to pose the question whether an employer that requests review of a referee's compensability ruling is entitled to refrain from paying compensation ordered in a subsequent, unappealed determination order.

I turn first to the text of the relevant statutes as they existed before 1990. ORS 656.262(2), which was not amended, provides:

"The compensation due under this chapter shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, except where the right to compensation is denied by the insurer or self-insured employer."

Before 1990, ORS 656.313(1) provided:

"Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant."

In *Georgia-Pacific v. Piwowar*, 305 Or 494, 753 P2d 948 (1988), the employer terminated disability payments awarded in a determination order, asserting that the claimed injury, which the employer had accepted, was not compensable. The employer argued that it was not required to make payments on a determination order before the issues of compensability and the extent of disability were determined by the Board. The court held that the employer's argument was "untenable":

"These provisions [ORS 656.262(4) and OAR 436-60-150(5)(a)], read in combination with ORS 656.262(2), previously quoted, provide for continuous compensation payments, ceasing only when the claim is denied or an order modifies or extinguishes the duty to pay. *See Georgia-Pacific v. Hughes*, [305 Or 286, 293, 751 P2d 775 (1988)]. This interpretation necessarily requires that compensation awarded in a determination order be paid pending a hearing on the extent of disability.

"The second reason for rejecting the conclusions of the Board, as adopted by Georgia-Pacific, is found in *SAIF v. Maddox*, 295 Or 448, 667 P2d 529 (1983). *Maddox* addresses whether the Evaluations Division has jurisdiction to determine the extent of a claimant's disability before the issue of compensability is determined on appeal. *Former* ORS 656.313 was controlling. *Maddox* holds that

" '[ORS 656.313(4)] clarifies the intent of the legislature to include within the "compensation" that shall not be stayed under subsection (1) *awards determining the extent of disability. By providing that payment of disability in any degree shall not be stayed,* the legislature must have necessarily intended that a determination of extent of disability would not be stayed pending an appeal of compensability, for that would effectively defeat the purpose of subsection (1).' 295 Or at 454 (emphasis added).

"A determination order is clearly an 'award determining the extent of disability.' *Maddox* did not limit its holding to cases in which the insurer appeals, nor is the quoted language limited to awards pending Board review or court appeal. Implicit in this reasoning is the conclusion that payments awarded in a determination order must continue until a referee or appellate body orders otherwise.

"* * * * *

"We are not persuaded that such a result indicates that the legislature contemplated a procedure other than paying the award of the determination order pending a hearing. * * *

"* * * * *

"Contrary to the argument of Georgia-Pacific, neither ORS 656.262(2) nor ORS 656.313 authorized Georgia-Pacific to terminate payments of compensation awarded in the determination order." 305 Or at 503. (Footnotes omitted.)

*Piwowar* is instructive, because it confirms that, under the existing statutory scheme, a determination order was the vehicle for awarding payment of compensation, and its effectiveness was not stayed because the employer challenged the compensability of the injury.

In 1990, the legislature made extensive amendments to the Workers' Compensation Law. One goal was to reduce the number of hearings before the Board regarding determination orders. To that end, the legislature amended ORS 656.268(4) to require a worker who objects to claim closure to seek reconsideration before the Department of Insurance and Finance (DIF) (now the Department of Consumer and Business Services), and to authorize requesting a hearing "[i]f any party objects to the reconsideration order" issued by DIF. ORS 656.268(6)(b).

The legislature also amended ORS 656.313(1)(a) to provide:

"Filing by an employer or the insurer of a request for hearing on a reconsideration order or a request for board review or court appeal stays payment of the compensation appealed, except for:

"(A) Temporary disability benefits that accrue from the date of the order appealed from until closure under ORS

656.268, or until the order appealed from is itself reversed, whichever event first occurs; and

"(B) Permanent total disability benefits that accrue from the date of the order appealed from until the order appealed from is reversed."

To discern the legislature's intention in enacting that amendment, we look first to the text and context of the amendment. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The context of a statute includes other provisions of the same statute as well as other related statutes. *PGE v. Bureau of Labor and Industries, supra*, 317 Or at 611.

Claimant contends that the acts listed in ORS 656.313(1)(a) that stay "payment of the compensation appealed" refer to "hearings and subsequent administrative and judicial proceedings which follow from a Request for Reconsideration." I agree. A referee's order that concludes that an injury is compensable is not an order for the "payment of the compensation." A referee's order requires claim processing, not a payment of compensation. Employer was ordered to make a "payment of the compensation," within the meaning of ORS 656.313(1)(a), in the determination order, but failed to appeal from or seek reconsideration of that order. The Board correctly concluded that that order became final and enforceable, and that employer was not entitled to a stay under ORS 656.313(1)(a) merely because it challenged the referee's compensability finding.

The majority rejects claimant's argument because *Georgia-Pacific v. Piwowar, supra*, on which she relies, was decided under the former version of ORS 656.313. 127 Or App at 349. That response sweeps with too broad a brush. The legislature did not "overrule" *Piwowar* or modify its conclusion that a final determination order is enforceable, despite an employer's attempt to challenge the compensability of the injury.

The majority finds support in a later Board decision, *Felipe A. Rocha*, 45 Van Natta 47 (1993). Although I do not pass on the correctness of the *Rocha* order, it is noteworthy that that order was based on the following premise:

"In essence, when a 'compensability' appeal remains pending and 'pre-litigation order' temporary disability is being stayed, the subsequent claim closure order that awards 'pre-litigation order' temporary disability is granting the benefits on a conditional basis." 45 Van Natta at 49.

I am aware of no statutory or other authority that permits the Board to construe a final determination order as a mere conditional grant of compensation. That view disregards numerous cases that confirm that a final determination order that awards disability compensation is enforceable according to its terms. *Georgia-Pacific v. Piwowar, supra,* 305 Or at 503; *Georgia-Pacific v. Hughes,* 305 Or 286, 293, 751 P2d 775 (1988); *SAIF v. Maddox,* 295 Or 448, 454, 667 P2d 529 (1983).

The majority's result permits an employer to disregard a determination order that is final and enforceable on its face, simply because the employer has requested a hearing or filed an appeal regarding an adverse compensability finding. In effect, the majority's decision stays payment of compensation to claimants in every case in which there is an unresolved compensability issue before the Board or the appellate courts. In my view, the Board was correct in rejecting that unwarranted construction of ORS 656.313(1)(a).

I respectfully dissent.