Argued and submitted September 22, 1993, reversed as to assessment of penalty
May 4, 1994

In the Matter of the Compensation of
Carole A. VanLanen, Claimant.
## SAIF CORPORATION
and Belozer Farms,
*Petitioners,*

*v.*

Carole A. VANLANEN,
*Respondent.*

(92-02682; CA A79016)

873 P2d 1090

Judicial Review from Workers' Compensation Board.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for petitioner. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Steven T. Fagenstrom argued the cause for respondent. With him on the brief was Galton, Scott & Colett.

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

DURHAM, J. pro tempore.

## DURHAM, J. pro tempore

SAIF seeks review of a Workers' Compensation Board order holding that SAIF failed to timely pay temporary total disability (TTD) benefits to claimant and assessing a penalty. We reverse.

SAIF denied the compensability of claimant's back injury. The referee found that the claim was compensable, and SAIF sought review. While the request for review was pending before the Board, a determination order awarded claimant TTD from the date of her injury until the date she was released to return to work. SAIF did not seek review of the determination order.[1] The Board issued an order affirming the referee's compensability order. SAIF began paying the "retroactive" TTD 35 days after the Board order. The Board concluded that those payments were not timely, because "it was incumbent upon SAIF to promptly pay claimant the ordered temporary disability benefits once the appeal period had passed" regarding the Board's compensability order.

■  SAIF argues that its payments were timely under OAR 436-60-150(4)(f), which provides, in part:

"(4)  Timely payment of temporary disability benefits means payment has been made no later than the 14th day after:

"* * * * *

"(f)  The date any litigation authorizing retroactive temporary disability becomes final. Temporary disability accruing from the date of the order shall begin no later than the 14th day after the date the order is issued."

ORS 656.295(8) provides, in part:

"An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the Court of Appeals for judicial review pursuant to ORS 656.298."

---

[1] In *SAIF v. VanLanen*, 120 Or App 613, 852 P2d 281 (1993), *on recon* 127 Or App 346 (1994), we held that, under ORS 656.313, SAIF's request for Board review regarding compensability entitled it to stay payment of TTD that accrued from the date of claim denial until the referee's compensability order became final, and that SAIF's failure to request reconsideration or review of the determination order did not affect the stay.

SAIF argues that the Board's compensability order was "litigation authorizing retroactive temporary disability," within the meaning of the rule, and that it became final 30 days after it was issued, when the statutory right to appeal expired.

Claimant argues that the compensability dispute was not litigation authorizing retroactive disability, because the compensability order "did not *authorize* payment of TTD. The sole issue before the Workers' Compensation Board was compensability." (Emphasis in original.)

We agree with SAIF. Because claimant's right to receive the retroactive disability depended on a finding of compensability, the dispute over compensability was "litigation authorizing retroactive temporary disability" under the rule.

Claimant also argues that the Board's order was "final" when issued, not 30 days later when the right to appeal expired. ORS 656.295(8) lends some support to that argument, because it declares that the Board order "is final unless within 30 days" a party appeals. However, that statute controls whether a Board order is final, not when retroactive temporary disability litigation becomes final. SAIF correctly argues that "[t]he statute allows SAIF 30 days to decide whether it will appeal the Board's order." We conclude that, under OAR 436-60-150(4)(f), the date when "litigation authorizing temporary disability becomes final" is the date on which the parties' right, under ORS 656.298(1), to appeal a Board order expires. Claimant's reading would create the anomalous result that the insurer would be obligated to pay TTD before expiration of the period within which it is entitled to decide whether to appeal the compensability order. Because SAIF paid the retroactive TTD within the 14 days permitted by the rule, the Board erred in concluding that the payment was untimely.

Reversed as to assessment of penalty.